*1248 OPINION.
MdRdock :
The fact that the decedent was described in the notice as formerly of Colfax is of no consequence, since it was mere sur-plusage and misled no one. Also, it is immaterial here that the petitioner was a special beneficiary and the residuary estate was more than sufficient to pay the income tax. The petitioner and the residuary beneficiary each received a part of the estate and thereby became liable as transferees. The Commissioner could proceed against either or both. Sec. 311 (a) (1) and (f), Revenue Act of 1934. Grand Rapids National Bank, 15 B. T. A. 1166; Henry Cappellini, 16 B. T. A. 802; Sarah M. Hadley, 19 B. T. A. 74; Lehigh Valley Trust Co., Executor, 34 B. T. A. 528. The Commissioner has shown that the petitioner is liable for whatever tax and interest is due.
The net income as adjusted by the Commissioner amounted to $11,664.09 and a personal exemption of $1,250 was allowed. Thus, if all, or a substantial part, of the legal fee of $12,500 is eliminated because it was not “accrued up to the date of his death” within the meaning of section 42, there would be no deficiency. The facts in this case differ from those in the case of Helvering v. Enright, 312 U. S. 636. There the fees involved had been earned by the performance of services prior to the death of the partner and, where additional services were to be performed, an appraisal was made upon the basis of the portion of the total fee already earned. The Court said that the portion of the ultimate fees earned during the life of *1249 the deceased partner could be included in his income under section 42. But the fee here in question was not earned during the life of Randolph. It was earned after his death and was received after his death. Thus, it may not be included in his income as an amount “accrued up to the date of his death.”
The surviving partners did not regard it as an amount to which the decedent or his estate was legally entitled, but paid it “as a moral responsibility” or obligation. The respondent says it will escape income tax unless it is taxed here. All we need decide is that it is not taxable under section 42.

Decision will be entered for the fetitioner.